UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| MAYELI MOLINA, § | |
| § | |
| Movant, § | |
| § | |
| V. § | NO. 3:24-CV-0142-B |
| § | (NO. 3:17-CR-0341-B) |
| UNITED STATES OF AMERICA, § | |
| § | |
| Respondent. § | |

## MEMORANDUM OPINION AND ORDER

Before the Court is Movant Mayeli Molina's motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255. Upon review of the record, the motion is **DISMISSED** and, in the alternative, **DENIED**.

### I.   BACKGROUND

On September 26, 2017, Movant was named in a three-count indictment charging her in count one with conspiracy to distribute a mixture or substance containing 500 grams or more of methamphetamine, in violation of 21 U.S.C. § 846. *United States v. Elizalde-Abelardo, et al.*, No. 3:17-CR-341-B, Crim. Doc. 84. She entered a plea of not guilty. Crim. Doc. 123. The government made several plea offers to Movant, including a phone count pursuant to which Movant would face a maximum sentence of four years' imprisonment rather than ten years' to life. Crim. Doc. 978 at 3–4. Movant signed the plea papers but decided she did not want to accept the offer, preferring to go to trial. *Id.* at 4–5. Her counsel explained that Movant rejected those offers because she faced removal to Mexico and because she maintained her innocence. *Id.* at 4. Movant confirmed that she wanted to reject the plea offer and go to trial. *Id.* at 6. Movant was convicted by a jury. Crim.

Doc. 802. She was sentenced to a term of imprisonment of 292 months. Crim. Doc. 955. She appealed. Crim. Doc. 954. The United States Court of Appeals for the Fifth Circuit affirmed the conviction and sentence. *United States v. Molina*, No. 20-11232, 2022 WL 3971588 (5th Cir. Aug. 31, 2022). On January 9, 2023, the United States Supreme Court denied her petition for writ of certiorari. *Molina v. United States*, 143 S. Ct. 619 (2023).

## II.   GROUNDS OF THE MOTION

Movant sets forth four grounds in support of her motion, all alleging that she received ineffective assistance of counsel. Civ. Doc. 2; Civ. Doc. 11.

## III.   APPLICABLE LEGAL STANDARDS

### A.   Limitations

A one-year period of limitation applies to motions under § 2255. The limitation period runs from the latest of:

> (1) the date on which the judgment of conviction becomes final;
> (2) the date on which the impediment to making a motion created by government action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f). Typically, the time begins to run on the date the judgment of conviction becomes final. *United States v. Thomas*, 203 F.3d 350, 351 (5th Cir. 2000). A criminal judgment becomes final when the time for seeking direct appeal expires or when the direct appeals have been exhausted. *Griffith v. Kentucky*, 479 U.S. 314, 321 n.6 (1987).

Equitable tolling is an extraordinary remedy available only where strict application of the

statute of limitations would be inequitable. *United States v. Patterson*, 211 F.3d 927, 930 (5th Cir. 2000). The doctrine is applied restrictively only in rare and exceptional circumstances. *In re Wilson*, 442 F.3d 872, 875 (5th Cir. 2006). The movant bears the burden to show that equitable tolling should apply. *Alexander v. Cockrell*, 294 F.3d 626, 629 (5th Cir. 2002). To do so, the movant must show that he was pursuing his rights diligently and that some extraordinary circumstance stood in his way and prevented the timely filing of his motion. *Holland v. Florida*, 560 U.S. 631, 649 (2010). Whether Petitioner is entitled to equitable tolling depends upon his diligence both before and after the extraordinary circumstance occurs. *Jackson v. Davis*, 933 F.3d 408, 411 (5th Cir. 2019); *Hardy v. Quarterman*, 577 F.3d 596, 598 (5th Cir. 2009). The failure to satisfy the statute of limitations must result from factors beyond the movant's control; delays of his own making do not meet the test. *In re* Wilson, 442 F.3d at 875. Equitable tolling applies principally where the movant is actively misled by the government or is prevented in some extraordinary way from asserting his rights. *Fierro v. Cockrell*, 294 F.3d 674, 682 (5th Cir. 2002); *Patterson*, 211 F.3d at 930. Neither excusable neglect nor ignorance of the law is sufficient to justify equitable tolling. *Fierro*, 294 F.3d at 682. Lack of legal acumen and unfamiliarity with legal process are not sufficient justification to toll limitations. *United States v. Petty*, 530 F.3d 361, 366 (5th Cir. 2008); *Alexander*, 294 F.3d at 629. Transfers and delays in receiving paperwork are parts of prison life and are not rare and extraordinary. *Wallace v. United States*, 981 F. Supp. 2d 1160, 1165 (N.D. Ala. 2013); *United States v. Cockerham*, No. SA-12-CA-714-WRF, 2012 WL 12867870, at *2 (W.D. Tex. Aug. 27, 2012). Equitable tolling applies to limitations of prison library access only when those limitations actually prevented the movant from timely filing his motion. *Krause v. Thaler*, 637 F.3d 558, 561 (5th Cir. 2011). As other courts have noted, even if prison law libraries were closed due to pandemic, the prison mail systems were

not. *United States v. Lara*, No. 6:21-29, 2021 WL 4087613, at *2 (S.D. Tex. Sept. 8, 2021) (citing cases). Lack of familiarity with the English language does not constitute a rare or exceptional circumstance. *Yang v. Archuleta*, 525 F.3d 925, 929–30 (10th Cir. 2008) (citing *Turner v. Johnson*, 177 F.3d 390, 392 (5th Cir. 1999) (irrelevant whether unfamiliarity with the law is due to illiteracy or any other reason)); *Cobas v. Burgess*, 306 F.3d 441, 444 (6th Cir. 2002); *Briones v. Director*, No. 3:21-CV-957-B-BN, 2024 WL 1254802, at *2 (N.D. Tex. Mar. 22, 2024); *United States v. Saunders*, No. 18-168, 2023 WL 3253659, at *3 (E.D. La. May 4, 2023); *Navar-Garcia v. United States*, No. EP-12-CV-415-KC, 2013 WL 327669, at *3 (W.D. Tex. Jan. 29, 2013) (citing *United States v. Cordova*, 202 F.3d 283 (10th Cir. 1999)).

**B.    28 U.S.C. § 2255**

After conviction and exhaustion, or waiver, of any right to appeal, courts are entitled to presume that a defendant stands fairly and finally convicted. *United States v. Frady*, 456 U.S. 152, 164 (1982); *United States v. Shaid*, 937 F.2d 228, 231-32 (5th Cir. 1991). A defendant can challenge his conviction or sentence after it is presumed final on issues of constitutional or jurisdictional magnitude only and may not raise an issue for the first time on collateral review without showing both "cause" for his procedural default and "actual prejudice" resulting from the errors. *Shaid*, 937 F.2d at 232.

Section 2255 does not offer recourse to all who suffer trial errors. It is reserved for transgressions of constitutional rights and other narrow injuries that could not have been raised on direct appeal and would, if condoned, result in a complete miscarriage of justice. *United States v. Capua,* 656 F.2d 1033, 1037 (5th Cir. Unit A Sept. 1981). In other words, a writ of habeas corpus will not be allowed to do service for an appeal. *Davis v. United States*, 417 U.S. 333, 345 (1974);

*United States v. Placente*, 81 F.3d 555, 558 (5th Cir. 1996). Further, if issues "are raised and considered on direct appeal, a defendant is thereafter precluded from urging the same issues in a later collateral attack." *Moore v. United States*, 598 F.2d 439, 441 (5th Cir. 1979) (citing *Buckelew v. United States*, 575 F.2d 515, 517-18 (5th Cir. 1978)).

### C. Ineffective Assistance of Counsel

To prevail on an ineffective assistance of counsel claim, movant must show that (1) counsel's performance fell below an objective standard of reasonableness and (2) there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. *Strickland v. Washington*, 466 U.S. 668, 688, 694 (1984). "[A] court need not determine whether counsel's performance was deficient before examining the prejudice suffered by the defendant as a result of the alleged deficiencies." *Strickland*, 466 U.S. at 697; *see also United States v. Stewart*, 207 F.3d 750, 751 (5th Cir. 2000). "The likelihood of a different result must be substantial, not just conceivable," *Harrington v. Richter*, 562 U.S. 86, 112 (2011), and a movant must prove that counsel's errors "so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result." *Cullen v. Pinholster*, 563 U.S. 170, 189 (2011) (quoting *Strickland*, 466 U.S. at 686). Judicial scrutiny of this type of claim must be highly deferential and the defendant must overcome a strong presumption that his counsel's conduct falls within the wide range of reasonable professional assistance. *Strickland*, 466 U.S. at 689. Simply making conclusory allegations of deficient performance and prejudice is not sufficient to meet the *Strickland* test. *Miller v. Johnson*, 200 F.3d 274, 282 (5th Cir. 2000).

IV.     ANALYSIS

Movant's judgment became final on January 9, 2023, when the United States Supreme Court denied her petition for writ of certiorari. *Clay v. United States*, 537 U.S. 522, 527 (2003). Although Movant purportedly signed a declaration stating that she put her motion in the prison mailbox on January 9, 2024, Civ. Doc. 2 at 12, the record reflects that the motion was actually mailed from Houston, Texas, on January 12, 2024, after limitations had run. *Id.* at 14. (The page number references to the motion are to "Page __ of 14" reflected at the top right portion of the document on the Court's electronic filing system.) As the government notes, it appears that Movant's signatures on the motion are electronically generated. Civ. Doc. 19 at 7. In fact, it appears that (prior to the filing of the reply) all but one of the documents filed in this action by Movant contain electronic signatures and that all were sent from Houston, whereas Movant is confined in Fort Worth. *See, e.g.*, Civ. Doc. 5 at 36 (unsigned); Civ. Doc. 7 at 38–40; Civ. Doc. 11 at 29–31. Rule 2 of the Rules Governing Proceedings Under § 2255 requires that a movant must personally sign her motion. And, the prison mailbox rule does not apply when a movant uses an intermediary to mail an item to the court. *Dison v. Whitley*, 20 F.3d 185, 187 (5th Cir. 1994).

Even if Movant had timely filed her motion, she could not prevail on the merits. The motion is wholly conclusory and unsupported. The declaration has proven to be untrue (as to the prison mailbox rule) and is only made "to the best of [Movant's] knowledge" in any event. Civ. Doc. 2 at 12. Moreover, the motion does not set forth any particular facts to support her allegation that she received ineffective assistance of counsel in any respect.

In her first ground, Movant alleges that pretrial counsel was ineffective in failing to: (1) communicate with her regarding the likely consequences of pleading guilty versus going to trial,

6

(2) conduct an adequate and independent pretrial investigation, and (3) attempt to negotiate a favorable plea. Civ. Doc. 2 at 4. She does not describe what counsel was to have communicated or how it would have changed the outcome of the case. As she admits, she retained three attorneys to represent her. Civ. Doc. 11 at 11. Yet she does not explain what any of them did or what specifically they failed to do. Vague and conclusory allegations are insufficient to state a claim. *Miller*, 200 F.3d at 282. One who alleges failure to investigate must allege with specificity what the investigation would have revealed and how it would have affected the outcome. *United States v. Green*, 882 F.2d 999, 1003 (5th Cir. 1989). This she has not done. And, the third allegation is belied by the record, which reflects that counsel had negotiated an extremely favorable plea that would have limited Movant's exposure to four years' incarceration, but she chose to go to trial and face a term of ten years' to life instead. Movant was well aware of all of the evidence against her, Crim. Doc. 990 at 28, and that she faced a term of life imprisonment, Crim. Doc. 978 at 4–6, but decided to roll the dice. (The record reflects that she may have done this based on the advice of her husband. *Id.* at 5.)

In her second ground, Movant alleges that trial counsel failed: (1) to inform her of his strategy, affirmative defenses, and theory of defense, (2) subpoena and call defense witnesses, and (3) properly cross-examine government witnesses to challenge their reliability and credibility. Civ. Doc. 2 at 5. Again, Movant's allegations are wholly conclusory. As the government notes, the strategy was obviously to portray Movant as the scapegoat for her uncle's crimes. Civ. Doc. 19 at 11 (citing the record). That Movant was convicted does not establish that counsel failed to develop a reasonable trial strategy. *See Nix v. Whiteside*, 475 U.S. 157, 165 (1986); *United States v. Massey*, 79 F.4th 396, 399 (5th Cir. 2023) (even an unsuccessful defense enjoys a strong presumption of

reasonableness). She has not shown that the strategy chosen so permeated the trial with obvious unfairness to entitle her to relief. *United States v. Jones*, 287 F.3d 325, 331 (5th Cir. 2002).

Movant fails to identify any witnesses or describe why their testimony would have been vital. "To prevail on an ineffective assistance claim based upon uncalled witnesses, an applicant must name the witness, demonstrate that the witness would have testified, set out the content of the witness's proposed testimony, and show that the testimony would have been favorable." *Gregory v. Thaler*, 601 F.3d 347, 352 (5th Cir. 2010).

Movant fails to explain why the cross-examination was deficient and what should have been done instead. Decisions regarding cross-examination are strategic in nature and generally will not support an ineffective assistance claim. *United States v. Valas*, 40 F.4th 253, 262–63 (5th Cir. 2022); *United States v. Bernard*, 762 F.3d 467, 472 (5th Cir. 2014) (quoting *Dunham v. Travis*, 313 F.3d 724, 732 (2d Cir. 2002)). Here, Movant has not shown that any particular cross-examination would have changed the outcome. *See United States v. Irby*, 103 F.3d 126, 1996 WL 731500, at *4 (5th Cir. Nov. 26, 1996).

In her memorandum, Movant additionally argues that the search warrant was obtained in bad faith. Doc. 11 at 20. This ground was not raised in the motion and is not timely in any event. Actual prejudice in the context of an unfiled suppression motion requires a meritorious Fourth Amendment violation and a reasonable probability that the outcome would have been different absent the excludable evidence. *Kimmelman v. Morrison*, 477 U.S. 365, 375 (1986). Here, Movant has not shown that any evidence was excludable.

In her third ground, Movant alleges that she received ineffective assistance at sentencing because counsel failed to: (1) correctly discuss and explain the presentence report ("PSR") prior to

8

sentencing, (2) file substantive objections to the PSR, and (3) argue for mitigation of punishment and object to her sentence as being substantively unreasonable. Civ. Doc. 2 at 6. Molina fails to explain why or how she was harmed by the alleged failure to discuss the PSR. She admitted at sentencing that she and her attorney had read some of the provisions of the PSR, but not all of them. Crim. Doc. 990 at 3. Counsel represented that he had reviewed the PSR two or three times with Movant. He attributed her response to the Court to Movant's being nervous and scared. *Id.* at 3–4. There was a pause in the proceedings so that counsel and Movant could again review the PSR. *Id.* at 4. Movant then admitted that she had reviewed the PSR and the objections with counsel and did not have any questions. *Id.* at 5–6. There followed another pause in the proceedings so that counsel could review the addendum to the PSR with Movant. *Id.* at 6–7. After further delays, the Court noted that Movant spoke English and had been in the United States for 24 years. *Id.* at 9. Movant admitted that she had no questions about the addendum, *id.*, and that she had read the sentencing memorandum her counsel had filed. *Id.* at 10. Movant also admitted that she had read the second addendum carefully with counsel. *Id.* at 10–11. She has not established any harm as a result of the alleged failure to explain the PSR.

The allegation that counsel failed to file objections is belied by the record. Crim. Doc. 848; Crim. Doc. 990 at 12–18 (consideration of objections). That counsel did not prevail on the objections does not mean that Movant received ineffective assistance. *Youngblood v. Maggio*, 696 F.2d 407, 410 (5th Cir. 1983). The Court correctly determined the guideline range and Movant has not shown otherwise. Her argument that counsel failed to argue for mitigation of punishment is not true. Crim. Doc. 990. In particular, counsel got the Court to agree with counsel's assessment that the situation was one of the most tragic he had seen. *Id.* at 19. However, Movant cannot show,

9

and has not shown, that her counsel was deficient in any respect that caused her harm with regard to sentencing.

Finally, in her fourth ground, Movant alleges that counsel provided ineffective assistance in failing to: (1) communicate and keep Movant informed of the issues on appeal, (2) allow Movant to participate in her appeal and to include additional issues, and (3) raise stronger issues on appeal. Civ. Doc. 2 at 8. Movant does not explain what additional communication was needed or how any lack of communication affected the appeal. Nor does she explain what she means by the allegation that she was not allowed to participate in her appeal. She makes the conclusory allegation that issues concerning the tracking of her cell phone and "incorrect application of the guideline on drug calculation" should have been raised. She fails to explain how either of these issues would have been stronger than the issues raised on appeal.

## V.   CONCLUSION

Accordingly, Molina's motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255 is **DENIED**.

SO ORDERED this 31st day of October, 2024.

JANE J. BOYLE
UNITED STATES DISTRICT JUDGE